UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENT REGAN DILLARD,<br><br>      Petitioner,<br><br>  v.<br><br>PATRICK GLEBE,<br><br>      Respondent. | CASE NO. C14-5026 RJB<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION DENYING PETITION FOR WRIT OF HABEAS CORPUS |

This matter comes before the Court on the Report and Recommendation of Magistrate Judge Karen L. Strombom. Dkt. 11. The Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed and that a certificate of appealability be denied. *Id.* Petitioner has filed objections to the Report and Recommendation. Dkt. 13. The Respondent has filed a response to Petitioner's objections. Dkt. __. The Court has considered the relevant documents and conducted a de novo review of the record.

**INTRODUCTION AND BACKGROUND**

Petitioner Kent Regan Dillard is a Washington state prisoner who was convicted of assault in the first degree. Dkt. 9. After pursuing state remedies, Petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2254. Dks. 3 and 4. Petitioner raises four grounds for relief: (1) Petitioner challenges the sufficiency of evidence; (2) Petitioner claims the trial court erred in the admission of evidence; (3) Petitioner claims prosecutorial misconduct; and (4) Petitioner also claims the trial court provided a flawed jury instruction. *Id*.

1       The Magistrate Judge found the Petitioner failed to exhaust the fourth ground for relief

2 and that it was barred by procedural default. Dkt. 11 pp. 5-6. The Magistrate Judge found the

3 first ground for relief without merit as Petitioner failed to demonstrate that the state court

4 adjudication of this claim was contrary to, or an unreasonable application of, established federal

5 law, or was an unreasonable determination of the facts in light of the evidence presented. *Id.* pp.

6 6-9. As to the second ground for relief, The Magistrate Judge found that Petitioner failed to

7 show that the trial court's evidentiary rulings rendered the trial so fundamentally unfair that there

8 is a reasonable probability that the error complained of affected the outcome of the trial. Id. pp.

9 9-13. Addressing Petitioner's third claim, the Magistrate Judge found Petitioner failed to show

10 that any portion of the prosecutor's closing argument rendered his trial fundamentally unfair. Id.

11 pp. 13-17. The Magistrate Judge further found that Petitioner was not entitled to a certificate of

12 appealability because he failed to demonstrate that jurists of reason could disagree with the

13 Court's resolution of his constitutional claims or that jurists could conclude the issues presented

14 are adequate to deserve encouragement to proceed further. Dkt. 11 pp. 17-18.

## PETITIONER'S OBJECTIONS

16       Petitioner filed an objection to the Report and recommendation essentially rearguing the

17 positions taken in his habeas petition and arguing that his "Traverse to Answer" (Dkt. 12) was

18 not considered a part of the record. Dkt. 13.

19       Petitioner's pleading was untimely. Petitioner's "Traverse" was filed on April 11, 2014,

20 a day after the filing of the Report and Recommendation and a week after the noting date for

21 consideration of the habeas petition. See Dkts. 5, 9, 11 and 12. Further, the Court has reviewed

22 the "Traverse" and finds Petitioner's arguments unpersuasive. Petitioner failed to exhaust claim

23 four and procedurally defaulted. As to the remaining claims, Petitioner has failed to demonstrate

24 that the state-court adjudication of his claim was contrary to, or an unreasonable application of,

1  established federal law, or was an unreasonable determination of the facts in light of the evidence
2  presented.  See 28 U.S.C. § 2254(d)(1)–(2).

### CERTIFICATE OF APPEALABILITY

Petitioner also objects to the Magistrate Judge's conclusion that Petitioner is not entitled to a certificate of appealability.  Dkt. 13 pp. 2-3.  A certificate of appealability may issue only if a petitioner has made "a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(2).  A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Petitioner has not met this burden.

The Court, having reviewed Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, Respondent's Answer, the Report and Recommendation of Magistrate Judge Karen L. Strombom, Objections to the Report and Recommendation, Petitioner's Traverse to Answer and the remaining record, does hereby find and **ORDER**:

(1) The Court **ADOPTS** the Report and Recommendation;

(2) Petitioner's § 2254 habeas petition is **DENIED AND DISMISSED WITH PREJUDICE.**

(3) Petitioner is **DENIED** issuance of a certificate of appealability; and

(4) The Clerk is directed to send copies of this Order to the parties and to the Hon. Karen L. Strombom.

**DATED** this 12th day of May, 2014.

*(signature)*

ROBERT J. BRYAN
United States District Judge